IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JOHN DOE ) | |
| ) | Case No. 3:23-cv-00736 |
| v. ) | Judge Richardson |
| ) | Magistrate Judge Holmes |
| METROPOLITAN GOVERNMENT ) | |
| OF NASHVILLE AND DAVIDSON ) | |
| COUNTY ) | |

**O R D E R**

Pending before the Court is Plaintiff's motion for leave to proceed pseudonymously. (Docket No. 3.)[1] Defendant Metropolitan Government of Nashville and Davidson County ("Metro") filed a response stating that, while Metro denies the merits of Plaintiff's claims, it does not oppose the request for Plaintiff to proceed by pseudonym. (Docket No. 24.) Metro's concession supports granting the motion. However, because pseudonymity is exceptional relief, the Court finds it appropriate to consider Plaintiff's request independent of the lack of opposition by Metro. For the additional reasons discussed below, Plaintiff's motion (Docket No. 3) is GRANTED and Plaintiff shall be permitted to proceed pseudonymously in this action.

**BACKGROUND**

Plaintiff, who is HIV positive, alleges in this action that he was denied employment as a police officer by Metro solely because of his disability status, and he seeks relief under the Americans with Disabilities of Act of 1990 (the "ADA"), the Civil Rights Act of 1991, and the Rehabilitation Act of 1973. (Docket Nos. 1 and 17.) Plaintiff requests that he be permitted to proceed by pseudonym to "protect his privacy and safety." (Docket No. 17 at 1.) Plaintiff contends that disclosure of his HIV-

---

[1] The Court notes that Plaintiff did not contemporaneously file a supporting memorandum of law as required by Local Rule 7.01(a)(2) ("[e]xcept as otherwise provided herein, every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum"), but, rather, filed a supporting memorandum some 11 days later. (Docket No. 17).

positive status might "lead to severe harm, including further stigma and discrimination and safety issues," and that this fear is reasonable. (*Id.*)

## LEGAL STANDARDS AND ANALYSIS

As a rule, actions must be prosecuted in the name of the real party in interest, Fed. R. Civ. P. 17(a)(1), and a complaint must state the names of the parties. Fed. R. Civ. P. 10(a). "Plaintiffs are permitted to proceed under pseudonyms only under certain circumstances that justify an exception to this rule." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005) (referring to Fed. R. Civ. P. 10(a)). Whether to allow a party to proceed under a pseudonym is within the sound discretion of the court but should be permitted only if the privacy interests of the party seeking anonymity substantially outweigh the strong presumption in favor of open judicial proceedings. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004).

This determination is informed by several, non-exclusive considerations, including: (1) whether the plaintiff seeking anonymity is suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiff to disclose information "of the utmost intimacy"; (3) whether the litigation compels plaintiff to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiff is a child. *Id.* (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)).[2] In arriving at its conclusion, the court must "start from the premise that proceeding pseudonymously is the exception, rather than the rule." *Doe v. Franklin County, Ohio*, No. 2:13-cv-00503, 2013 WL 5311466, at *2 (S.D. Ohio Sept. 20, 2013) (citation omitted). "Other factors that may be considered include whether the plaintiff would risk suffering injury if identified and whether the defendant would be prejudiced by the plaintiff's proceeding anonymously." *Doe v.*

---

[2] It is undisputed that the third and fourth factors do not apply because Plaintiff does not claim he intends to violate any law and he is not a child. There is therefore no need to address those factors.

*Fedex Ground Package Sys., Inc.*, Case No. 3:21-cv-00395, 2021 WL 5041286, at *5 (M.D. Tenn. Oct. 29, 2021) (internal citations omitted).

**<u>Whether this litigation involves a challenge to governmental activity</u>**

Here, the first *Porter* factor weighs in favor of Plaintiff's request because he is challenging governmental activity, namely, Metro's alleged policy of not hiring police officers who are HIV-positive. The Court supposes there is an argument that, in the context of this case, Metro is no different than any other employer. However, given the unique position of governmental entities generally to staff official law enforcement departments and the allegations in this case that Plaintiff was denied employment as a police officer based on a specific governmental policy, the Court finds this case involves a challenge to governmental activity, notwithstanding that it may be, in other respects, a garden-variety employment discrimination case.[3]

Nevertheless, no factor alone, including this one, compels allowing a plaintiff to proceed anonymously. *See e.g. Doe v. Webster County*, Civil Action No. 4:21-cv-0093-JHM, 2022 WL 124678, at *3-4 (W.D. Ky. Jan. 12, 2022) (plaintiffs who accused county corrections officer of harassment and sexual assault not permitted to proceed by pseudonyms because their interests did not substantially outweigh the presumption of open judicial proceedings); *Doe v. Univ. of Akron*, Case No. 5:15-cv-2309, 2016 WL 4520512, at *4-5 (N.D. Ohio Feb. 3, 2016) (plaintiff, who brought lawsuit following her expulsion from law school for violation of honor code by plagiarizing her LLM thesis, was not permitted to proceed pseudonymously despite claims that disclosure of her name would disclose sensitive medical information and cause reputational harm).

---

[3] To be clear, the Court's findings are limited to the discrete question of whether Plaintiff may proceed pseudonymously in this case and should not be construed or relied on for any other purpose.

**Whether Plaintiff would be compelled to disclose information of "utmost intimacy"**

Plaintiff argues that the second factor of compulsory disclosure of information of the "utmost intimacy" warrants the requested relief because his health status as an HIV-positive individual is sensitive and intimate medical information. He further states that he has not publicly disclosed his HIV status and that forced disclosure should not be the "price of trying to obtain justice." (Docket No. 17 at 3.) There is no dispute that, if required to reveal his name, Plaintiff would also be compelled to disclose extremely private information to pursue his claims. *See Doe v. The University of Akron*, 2016 WL 4520512, at *3 (collection of cases identifying matters of intimacy). Courts are divided on the issue of whether to allow pseudonymity where disclosing the party's name might reveal that the party has been infected with HIV or some other communicable disease. *See e.g.* Eugene Volokh, THE LAW OF PSEUDONYMOUS LITIGATION, 73 Hastings L.J. 1353, 1460 n. 283 (2022) (collection of cases in which pseudonymity was allowed and not allowed). Further, intimacy and privacy concerns are only one factor in the analysis and there must usually be some further purpose for protecting the plaintiff's identity. *Doe v. Webster County*, 2022 WL 124678 at *3. As this Court has previously held, "the potential for embarrassment or public humiliation does not, without more, justify a request for anonymity." *Doe v. Fedex Ground*, 2021 WL 5041286, at *5 (quoting *Ramsbottom v. Ashton*, Case No. 3:21-v-00272, 2021 WL 2651188, at *4 (M.D. Tenn. June 28, 2021)).[4] Still, this factor favors permitting Plaintiff to proceed pseudonymously.

**Injury from disclosure**

Plaintiff offers scholarly support and case authority for the proposition that being HIV-positive carries a discernible stigma. (Docket No. 17 at 4-5.) That reasoning is however juxtaposed

---

[4] The *Fedex Ground* case involved allegations that the plaintiffs were subject to sexual assault and rape in the course of their employment. The *Ramsbottom* case involved allegations that the plaintiffs were victims of child sexual abuse and trafficking.

against this Court's prior determinations that something more is required than simply the potential for public stigmatization to allow a party to proceed by pseudonym. *Doe v. Fedex Ground*, 2021 WL 5041286, at *5 (quoting *Ramsbottom v. Ashton*, Case No. 3:21-v-00272, 2021 WL 2651188, at *4 (M.D. Tenn. June 28, 2021)). Also, at least one court has denied pseudonymity to an HIV-positive plaintiff based on both a lack of showing that an HIV-related stigma still exists and the strength of the public's interest in open judicial proceedings. *Doe v. Merritt Hosp., LLC*, 353 F.Supp.3d 472, 482 (E.D. La. 2018). *See also Porter*, 370 F.3d at 560 and *Signature Mgmt. Team, LLC v. Doe*, 323 F.Supp.3d 954, 959 (E.D. Mich. 2018) ("The public has a right to know who the parties are in almost every case before a federal district court as a matter of public confidence in and understanding of the judicial system.") (quoting *Signature Mgt. Team v. Doe*, 876 F.3d 831, 838 (6th Cir. 2017)) (cleaned up).[5]

More compelling to the Court is Plaintiff's argument that requiring disclosure of his identity would also make his HIV-positive status readily available to potential future employers, in contravention of the ADA's restriction on employers' pre-offer access to an applicant's health information. *See e.g. Harrison v. Benchmark Elec. Huntsville, Inc.*, 493 F.3d 1206, 1213-14 (11th Cir. 2010) (ADA ended practice of employers requesting information concerning an applicant's physical or medical condition and then using information to exclude applicants with disabilities, "particularly those with so-called hidden disabilities"). So, while the Court finds support for denying Plaintiff's request to proceed by pseudonym because of some generalized fear of stigmatization, the

---

[5] As noted by this Court, the consideration of the public interest is not a factor "requiring special consideration." *Fedex Ground*, 2021 WL 5041286, at *9 (internal citations omitted). Rather, the Court must consider the presumption in favor of open proceedings and whether Plaintiff has "established the existence of special circumstances that warrant overriding that presumption in favor of allowing them to proceed pseudonymously." *Id*. Further, the public's legitimate interest in knowing litigants' identities is magnified when, as here the plaintiff brings claims against a public entity, *see Ramsbottom*, 2012 WL 2651188, at *8, because there is a substantial public interest in how a governmental unit carries out its official duties.

5

potential that future employers would easily learn of Plaintiff's HIV status by a simple online search of his name, and by doing so avoid the restrictions that Congress imposed in the ADA, weighs in favor of granting Plaintiff's request.

**Prejudice to Metro**

The Court does not find that Metro will suffer any undue prejudice if Plaintiff proceeds anonymously. Metro knows (or can find out) Plaintiff's identity and otherwise proceed with preparation of this case. Further, Metro has not objected to Plaintiff's request for pseudonymity.

## CONCLUSION

Overall, the issue of whether to allow Plaintiff to proceed under a pseudonym in this case is a close call. There are considerations that could tip the question in either direction. Nevertheless, for all the reasons discussed above, the Court finds that Plaintiff has provided sufficient justification to overcome the public's interest in open courts and therefore met the legal standards required to proceed under a pseudonym. Plaintiff's motion (Docket No. 3) is therefore GRANTED and Plaintiff shall be permitted to proceed pseudonymously in this action.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge