# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| JOHN DOE, ) | |
| ) | |
| Plaintiff, ) | Case No. 3:23-cv-00736 |
| ) | |
| v. ) | Judge Richardon |
| ) | Magistrate Judge Holmes |
| METROPOLITAN GOVERNMENT OF ) | |
| NASHVILLE AND DAVIDSON ) | |
| COUNTY, ) | |
| ) | |
| Defendant. ) | |

## DEFENDANT'S ANSWER

1. It is admitted that Plaintiff alleges employment discrimination and challenges Metro Nashville's policies; it is denied that Metro Nashville discriminated against Plaintiff. It is further denied that Metro Nashville's policies are unlawful. It is admitted that Plaintiff lives with the human immunodeficiency virus ("HIV"). It is admitted that Metro Nashville offered Plaintiff a conditional offer of employment with the Metro Nashville Police Department ("MNPD") and that, after Plaintiff did not meet the required health standards, the offer was rescinded. It is denied that Plaintiff did not pose a significant risk to others. It is denied that Plaintiff was otherwise qualified for the position of police officer. It is denied that his HIV status is irrelevant.

2. Denied.

3. Metro Nashville lacks sufficient knowledge to admit or deny these allegations; therefore, they are denied.

4. Metro Nashville lacks sufficient knowledge to admit or deny these allegations; therefore, they are denied.

5. It is admitted that Plaintiff sought employment with Metro Nashville. Metro

Nashville lacks sufficient information to admit or deny the remaining allegation; therefore, it is denied.

6. Admitted.

7. Metro Nashville lacks sufficient knowledge to admit or deny these allegations; therefore, they are denied.

8. Metro Nashville lacks sufficient knowledge to admit or deny the beliefs of Plaintiff's healthcare providers; therefore, they are denied.

9. It is admitted that Nurse Practitioner Alicia Barber sent a letter on April 7, 2020, with the quoted language. It is denied that Ms. Barber is an infectious disease expert or that Metro Nashville was required to accept her opinion over the opinion of the Civil Service Medical Examiner.

10. Denied.

11. Denied.

12. Denied.

13. It is admitted upon information and belief that Plaintiff is a resident of Smyrna, Tennessee. It is admitted that Plaintiff is a person living with HIV. It is admitted that being HIV positive may be a disability under the ADA and Rehabilitation Act. It is denied that Metro Nashville discriminated against Plaintiff.

14. Admitted.

15. Admitted.

16. Admitted.

17. It is admitted that the Court has the authority to grant the requested relief pursuant to the cited statutes. It is denied that Plaintiff is entitled to any of the relief that he seeks.

18. Admitted.

19. It is admitted that Plaintiff has been living with HIV. Metro Nashville lacks sufficient information to admit or deny when Plaintiff learned that he has HIV; therefore, this allegation is denied.

20. It is admitted that Plaintiff is black. It is admitted that those statistics are reflected in the cited website. It is denied that these allegations are relevant to Plaintiff's claims.

21. Denied.

22. Denied.

23. Metro Nashville is without sufficient information to admit or deny these allegations; therefore, they are denied.

24. Metro Nashville is without sufficient information to admit or deny this allegation; therefore, it is denied.

25. Denied.

26. Metro Nashville is without sufficient information to admit or deny these allegations; therefore, they are denied.

27. It is admitted that Plaintiff worked for the Memphis Police Department. Metro Nashville is without sufficient information to admit or deny the remaining allegations; therefore, they are denied.

28. Metro Nashville is without sufficient information to admit or deny these allegations; therefore, they are denied.

29. Metro Nashville is without sufficient information to admit or deny these allegations; therefore, they are denied.

30. Metro Nashville is without sufficient information to admit or deny this allegation; therefore, it is denied.

31. Metro Nashville is without sufficient information to admit or deny this allegation;

therefore, it is denied.

32. Metro Nashville is without sufficient information to admit or deny this allegation; therefore, it is denied.

33. Metro Nashville is without sufficient information to admit or deny these allegations; therefore, they are denied.

34. Metro Nashville is without sufficient information to admit or deny these allegations; therefore, they are denied.

35. Metro Nashville is without sufficient information to admit or deny this allegation; therefore, it is denied.

36. Metro Nashville is without sufficient information to admit or deny this allegation; therefore, it is denied.

37. It is admitted that Plaintiff applied to be a police officer with MNPD. Metro Nashville is without sufficient information to admit or deny the remaining allegation; therefore, it is denied. It is admitted that the Exhibit A is the relevant job posting.

38. It is admitted that Plaintiff received a conditional job offer. It is denied that the only further requirement was a medical exam.

39. Admitted.

40. It is admitted that the medical examination requires a blood test. Metro Nashville is without sufficient information to admit or deny the remaining allegation; therefore, it is denied.

41. It is admitted that Plaintiff did not disclose his HIV status and that a nurse called to inform Plaintiff of the results of his blood test. It is admitted that Plaintiff was aware of his HIV status. It is denied that at the time of the call that Plaintiff had provided Metro Nashville with any letter from Regional One Health. It is also denied

that the letter from Regional One Health establishes that Plaintiff was otherwise qualified for the position of police officer. All remaining allegations in this paragraph are denied.

42. It is admitted that Metro Nashville informed Plaintiff that he did not meet the required physical standards and that he could request a waiver from the Metro Nashville Civil Service Commission ("CSC"). It is admitted that Exhibit B is an accurate copy of the letter sent to Plaintiff. It is further admitted that Metro Nashville's Charter was amended to delete the requirement that an appointee meet the physical standards set forth by the U.S. Army or Navy.

43. It is admitted that the March 12, 2020, letter contains the quoted language.

44. Metro Nashville is without sufficient information to admit or deny these allegations; therefore, they are denied.

45. It is admitted that Plaintiff requested a waiver from the CSC. It is denied that any of Plaintiff's stated reasons were sufficient to warrant granting a waiver.

46. It is admitted that Nurse Practitioner Alicia Barber sent a letter on April 7, 2020, with the quoted language. It is denied that Ms. Barber is an infectious disease expert, or that Metro Nashville was required to accept her opinion over the opinion of the Civil Service Medical Examiner. It is also denied that the letter from Regional One Health establishes that Plaintiff was otherwise qualified for the position of police officer. It is admitted that Exhibit C is the letter that was sent to Metro Nashville.

47. It is admitted that the CSC denied Plaintiff's request for a waiver on April 14, 2020. The remaining allegations are denied.

48. Admitted.

49. Admitted.

50. Denied.

51. Denied.

52. Metro Nashville is without sufficient information to admit or deny this allegation; therefore, it is denied.

53. Denied.

54. Denied.

55. It is admitted that Plaintiff filed a charge with the EEOC. It is denied that the charge had any merit.

56. Admitted.

57. It is admitted that the EEOC issued a Determination of Probable Cause letter and that the letter contained the quoted language. It is denied that the EEOC reached the correct conclusion. It is denied that Metro Nashville discriminated against Plaintiff.

58. Admitted.

59. Denied.

## CAUSES OF ACTION

### COUNT I: ADA VIOLATION

60. Metro Nashville restates and incorporates its responses to the preceding allegations as if set forth herein.

61. It is admitted that 42 U.S.C. § 12112(a) contains the quoted language. It is denied that Metro Nashville discriminated against Plaintiff.

62. It is admitted that 42 U.S.C. § 12111(2) contains the quoted language.

63. It is admitted that 42 U.S.C. § 12111(8) contains the quoted language. It is denied that Plaintiff is a qualified individual.

64. It is admitted that 42 U.S.C. § 12102(1) contains the quoted language.

65. It is admitted that 29 C.F.R. § 1630.2(h) contains the quoted language.

66. It is admitted that 42 U.S.C. § 12102(2)(B) contains the quoted language.

67. It is admitted that the cited provisions contain the quoted language.

68. It is admitted that the cited provisions contain the quoted language. All remaining allegations in this paragraph are denied.

69. It is admitted that Title I of the ADA prohibits discrimination against qualified individuals on the basis of disability. It is denied that Plaintiff is a qualified individual or that Metro Nashville discriminated against Plaintiff.

70. It is admitted that 42 U.S.C. § 12112(b)(3)(A) contains the quoted language.

71. Denied.

72. Denied.

73. Denied.

## COUNT II: REHABILITATION ACT VIOLATION

74. Metro Nashville restates and incorporates its responses to the preceding allegations as if set forth herein.

75. It is admitted that *Andrews v. State of Ohio*, 105 F.3d 803, 806 (6th Cir. 1997), contains the quoted language.

76. It is admitted that MNPD receives federal grants.

77. Denied.

78. It is admitted that *Holiday v. City of Chattanooga*, 206 F.3d 637, 642 n.1 (6th Cir. 2000), contains that quoted language.

79. It is denied that Metro Nashville violated either Title I of the ADA or the Rehabilitation Act.

80. Denied.

81. Denied.

## PRAYER FOR RELIEF

It is denied that Plaintiff is entitled to any of the relief he seeks.

## GENERAL DENIAL

Any allegation not specifically admitted in this Answer is hereby denied, and strict proof is demanded thereof.

## GENERAL AND AFFIRMATIVE DEFENSES

1. Metro Nashville denies that Plaintiff is entitled to any relief and asserts that this matter should be dismissed for failure to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to request injunctive relief.

3. Each employment action taken by Metro Nashville was for good cause and for legitimate, non-discriminatory business reasons.

4. Metro Nashville did not deny Plaintiff a reasonable accommodation with respect to his alleged disability.

5. Plaintiff posed a "direct threat," as the defense is commonly identified, to other police officers and/or others' health and safety.

6. Metro Nashville employed accepted qualification standards, and Plaintiff did not satisfy those standards.

7. Metro Nashville is entitled to the defenses, avoidances, and caps contained in and/or available under the ADA. This specifically includes the business necessity defense.

8. Plaintiff is not entitled to compensatory damages under the Rehabilitation Act.

9. Metro Nashville specifically invokes the after-acquired evidence defense.

10. Metro Nashville did not commit any act or omission that caused or contributed to Plaintiffs' alleged damages.

11. Plaintiff's claims are barred by estoppel, laches, failure to exhaust administrative remedies, and/or the applicable statute of limitations.

12. Plaintiff is not entitled to nominal, compensatory, special, or punitive damages; fees; front or back pay; pre- or post-judgment interest; liquidated damages; reinstatement; or costs.

## **PRAYER FOR RELIEF**

WHEREFORE, having answered Plaintiff's Complaint, Metro Nashville prays:

1. That this be accepted as its Answer herein;

2. This this cause be dismissed and held for naught;

3. That all costs and other reasonable fees be charged to and borne by Plaintiff;

4. That a jury of 12 hear all claims so triable;

5. For such other relief as the Court deems appropriate.

Respectfully submitted,

DEPARTMENT OF LAW OF THE
METROPOLITAN GOVERNMENT OF
NASHVILLE AND DAVIDSON COUNTY

WALLACE W. DIETZ (#9949)
DIRECTOR OF LAW

/s/ *Melissa Roberge*
MELISSA ROBERGE (#26230)
   SENIOR COUNSEL
JOHN W. AYERS (#37494)
MICHAEL R. DOHN (#37535)
   ASSISTANT METROPOLITAN ATTORNEYS
Metropolitan Courthouse, Suite 108
P.O. Box 196300
Nashville, Tennessee 37219
(615) 862-6341
melissa.roberge@nashville.gov
will.ayers@nashville.gov
michael.dohn@nashville.gov
*Counsel for the Metro Nashville*

# CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served via CM/ECF to:

Brian Casillas
2049 Century Park East, Suite 3200
Los Angeles, CA 90067-3206

Jose Idio Abrigo, Jr.
120 Wall Street, 19th Floor
New York, NY 10005

Paul M. Thompson
500 N Capitol Street NW
Washington, DC 20001-1531

John T. Winemiller
Elizabeth Harwood
800 S. Gay Street, Suite 2150
Knoxville TN 37929

Gregory R. Nevins
730 Peachtree Street NE, Suite 640
Atlanta, GA 30308

Michael James Sheehan
150 S Wacker Drive, Suite 1600
Chicago, IL 60606

Shelly L. Skeen
3500 Oak Lawn Avenue, Suite 500
Dallas, TX 75219-6722

Gabrielle Lipsitz
Halle Landsman
Kierstin Fowler
Lisa A. Linsky
Michael Huttenlocher
One Vanderbilt Avenue
New York, NY 10017-3852

on this 5th day of October 2023.

*/s/ Melissa Roberge*
Melissa Roberge